**Dennis MORGAN, Plaintiff,**

v.

**George WILKINSON, Warden, et al., Defendants.**

**Civ. A. No. 83–1368.**

United States District Court, M.D. Pennsylvania.

April 15, 1985.

---

Dennis Morgan, pro se.

James W. Walker, Asst. U.S. Atty., Scranton, Pa., for defendants.

## MEMORANDUM AND VERDICT

CALDWELL, District Judge.

This is an action filed by the plaintiff pursuant to 28 U.S.C. § 1331 and the Eighth Amendment to the United States Constitution. Plaintiff complains that on August 25, 1983, while he was incarcerated in the federal penitentiary at Lewisburg, he was the victim of an unprovoked attack when he was assaulted and injured by the defendants, who were or are employed at the institution. The case was tried non-jury on March 26, 1985 and this memorandum is our decision in the case pursuant to Federal Rule of Civil Procedure 52(a).

On and before August 25, 1983, plaintiff was confined to a cell in the administrative segregation unit of the prison as a result of disciplinary action taken against him in April. Due to misbehavior by some of the inmates in the cell block area on days just prior to the time in question, the authorities decided to transfer plaintiff and seven other inmates to a cell block on the lower floor of the building.

According to plaintiff and two other inmates, who were confined in the cell across from his, after plaintiff's hands were cuffed behind his back through the food slot in his cell door, his cell was entered by some or all of the defendants and he was thereupon punched, kicked and beaten. Plaintiff's cellmate, who also had been handcuffed, was taken from the area before the attack on plaintiff occurred. The cellmate submitted an affidavit and corroborated the testimony that plaintiff was handcuffed before the cell door was opened.

The testimony submitted on plaintiff's behalf was that, following the attack in the cell, plaintiff was dragged violently to the basement, and was further assaulted in the process. Another inmate witness who was already in a basement cell stated that plaintiff was being pummeled as he came through the gate into the area. He further testified that plaintiff was thrown into his cell. Plaintiff complains that once in the cell, he was shackled, hand and foot, to a cot, where he remained from about 4:30 p.m. on Thursday, August 25 until 11:30 a.m. on Saturday, August 27, 1985, when members of his family arrived for a visit. His injuries, according to his own testimony and an affidavit of his sister, consisted of black eyes, swollen and bruised face and lip, and various bruises to the body.

The version of the defendants and their witnesses paints a different picture. According to them plaintiff's cellmate complied with their handcuffing request, but plaintiff refused to be handcuffed through the food slot and was very uncooperative. After permitting the cellmate to exit and be moved from the area, several of the defendants attempted to persuade plaintiff to cooperate, but he continued in his refusal. Two or three corrections officers then entered his cell and again sought to gain his cooperation, but plaintiff would not obey their directions and assaulted one of the officers by kicking him in the groin. At this point the officers forcibly handcuffed plaintiff by overcoming his physical resistance, and they testified that they used only the force necessary to subdue and handcuff him. Still resisting, plaintiff was partially carried downstairs and because of his actions was shackled to the bed. According to the defendants the shackles and restraints were removed at 11:55 p.m. the same evening, upon plaintiff's assurance at that point that he would behave. The defendants denied assaulting the plaintiff during his transfer to the basement.

As the foregoing discussion shows, the fact finder was faced with conflicting testimony and a classic case of credibility. After weighing all of the evidence we have resolved the case for the defendants. Plaintiff and three prisoner witnesses, one of whom was his cellmate, indicated that plaintiff was handcuffed before his cell was opened and before force was used against him. Three defendants and one co-worker witness testified that plaintiff refused handcuffing and had to be subdued. Similar conflict continued concerning the circumstances of plaintiff's movement to the basement and placement in a cell there. Significantly, records main-

tained in the institution reflect that plaintiff's restraints were checked every fifteen minutes and were removed about seven hours later. This version is confirmed by at least three witnesses, two of whom removed not only plaintiff's restraints, but those placed on three other inmates who were unruly. At least two inmate witnesses corroborated plaintiff's testimony as to the length of time he was in restraints.

A registered physician's assistant, who impressed us as disinterested, examined the plaintiff and the other inmates who were relocated soon after they were moved on August 25. He noted that plaintiff had no serious injuries, was not bleeding, and required no treatment. According to this witness plaintiff had a slight laceration of the lip and an abrasion of the neck and knee, but was alert and oriented. Moreover, institutional records show, and this witness confirmed, that a physician's assistant was also in the area where plaintiff was confined on Friday, August 26, and Saturday, August 27, and that plaintiff made no request for medical care. Plaintiff admitted that when he was moved he had noticed the presence of a physician's assistant but did not recall being examined.

█ A plaintiff in a civil action has the burden of proving his case by a fair preponderance of the evidence. *Eastern Associated Coal v. Aetna Casualty & Surety Co.*, 632 F.2d 1068 (3d Cir.1980); *Compagnie des Bauxites de Guinee v. Insurance Co. of North America*, 551 F.Supp. 1239 (W.D.Pa.1982). In this case not only did plaintiff fail in this respect, but we found the weight of the credible evidence to favor the defendants. The veracity of plaintiff and his witnesses, except his sister, was impeached by proof of prior crimes under Federal Rule of Evidence 609. Also plaintiff provided no reasonable explanation of what would have motivated a group of correctional officers to attack a helpless, cooperative inmate. The evidence established that plaintiff and his witnesses were closely associated in the prison environment and this affected the weight to be attached to their testimony. The records

maintained contemporaneously at the institution also refuted some of the important testimony given on plaintiff's behalf, particularly the amount of time he was restrained and the extent of his injuries.

We believe that defendants used only that force which was required to overcome plaintiff's actions and resistance. While we do not doubt plaintiff may have sustained minor injuries in the melee, we conclude the actions of the defendants do not constitute an assault in the legal sense and we found that their actions were justified under the circumstances.

Based on the foregoing discussion we will enter a verdict and judgment in favor of the defendants.